## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## PECOS DIVISION

| | | |
|---|---|---|
| FERNANDO JOSE RAMIREZ MORALES, | § | |
| PLAINTIFF | § | |
| V. | § | No. 4:23-CV-43 |
| | § | |
| MANIDER SINGH AND CHAHAL | § | |
| ONTIME, INC. | § | |
| DEFENDANTS | § | |

---

## ORIGINAL COMPLAINT

---

NOW COMES PLAINTIFF FERNANDO JOSE RAMIREZ MORALES, by and through his attorneys, and hereby files this Original Complaint against Defendants MANIDER SINGH and CHAHAL ONTIME, INC. for this cause of action and would respectfully show unto the Court the following:

## I.    PARTIES

1.1    Plaintiff, **FERNANDEO JOSE RAMIREZ MORALES** is an individual residing in Fort Worth, Texas.

1.2    Defendant, **MANIDER SINGH**, (hereinafter referred to as Defendant **SINGH**) is an individual and resident of Queens Borough, New York, and may be served at: **9729 107TH FL 1 ST., OZONE PARK, NEW YORK 11416 OR WHEREVER FOUND.**

1.3    Defendant, **CHAHAL ONTIME, INC.**, **US DOT 3462749**, (hereinafter referred to as Defendant **CHAHAL**) is a foreign corporation, whose principal place of business is located at **4799 GRAPHITE CREEK DRIVE, JURUPA VALLEY, CALIFORNIA 91752** and

may be served with process by serving its registered agent, JAGMEET SINGH at **4799 GRAPHITE CREEK DRIVE, JURUPA VALLEY, CALIFORNIA 91754.**

## II. SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION AND VENUE

**2.1**    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332. Specifically, there is diversity of citizenship between Plaintiff and Defendants MANIDER SINGH and CHAHAL ONTIME, INC. and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

**2.2**    Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) and 1391(d) because a substantial part of the events giving rise to this claim occurred in this district.

## III    FACTS

**3.1**    On September 6, 2023, at approximately 7:50 p.m., the referenced collision took place when Defendant SINGH was traveling behind Plaintiff in his 18-wheeler westbound on Interstate 20 outside of Monahan, Texas.  Plaintiff was also traveling westbound on Interstate 20 in his 2013 Ford Pickup with trailer.  Defendant SINGH failed to control his speed, resulting in a violent collision with Plaintiff vehicle, causing damage to the Plaintiff's MORALES' vehicle.

**3.2**    As a foreseeable result of Singh's inability to maintain control of his vehicle in a reasonable and prudent manner Plaintiff suffered serious and permanent injuries. The results of the Plaintiff's Cervical MRI show herniations at C3-C4, 1.8 mm extending into the epidural fat and indents the thecal sac; C4-C5, 2.2 mm extends

into the epidural fat and indents the thecal sac; C5-C6, 3.0 mm extends into the epidural fat and indents the thecal sac with contact on the ventral cervical cord and C6-C7, 1.5 mm extends into the epidural fat and indents on the thecal sac.

**IMPRESSION:**

**1. C3-C4: Posterior central 1.8 mm disc protrusion (herniation) extends into the epidural fat and indents the thecal sac. Central canal and neural foramina are patent.**

**2. C4-C5: Posterior right central 2.2 mm disc protrusion (herniation) extends into the epidural fat and indents the thecal sac. Mild central canal stenosis, measuring 9 mm in AP dimension. Mild right neural foraminal stenosis.**

**3. C5-C6: Posterior central 3.0 mm disc protrusion (herniation) extends into the epidural fat and indents the thecal sac with contact on the ventral cervical cord. Severe central canal stenosis, measuring 6.5 mm in AP dimension. Severe bilateral neural foraminal stenosis.**

**4. C6-C7: Posterior central 1.5 mm disc protrusion (herniation) extends into the epidural fat and indents the thecal sac. Central canal and neural foramina are patent.**

The results of his Lumbar MRI show herniations at L2-L3, 1.2 mm herniation that extends into the epidural fat and indents the thecal sac; L4-L5, 2 mm herniation with annular fissure extends into the epidural fat and indents the thecal sac; and L5-S1, 1.5 mm herniation that extends into the epidural fat.

**IMPRESSION:**

**1. L5-S1 posterior central 1.5 mm protrusion-subligamentous disc herniation extends into the epidural fat. Disc protrusion contributes to moderate right/mild left neural foraminal stenosis. Canal is patent.**

**2. L4-L5 posterior central/left foraminal 2 mm protrusion-subligamentous disc herniation with annular fissure (high intensity zone) extends into the epidural fat and indents the thecal sac. Disc protrusion contributes to moderate right/severe left neural foraminal stenosis. Canal is patent.**

**3. L2-L3 shallow posterior central 1.2 mm protrusion-subligamentous disc herniation extends into the epidural fat and indents the thecal sac. Neural foramina and canal are patent.**

**4. Multilevel foraminal stenosis with severe contact on left L4 nerve root and moderate contact on right L5 and right L4 nerve roots in the foraminal spaces.**

Typical of the foregoing described injuries Plaintiff has incurred reasonable and necessary medical expenses, physical pain, mental anguish, disability, impairment, and property-related damages which resulted from SINGH's failure to drive his

vehicle on the public roads without striking and causing damage to other vehicles. Plaintiff's damages are continuing into the future.

3.3    On information and belief Defendant CHAHAL ONTIME, INC. employed SINGH who was acting in the course and scope of his employment at the time of the incident that gave rise to Plaintiffs injuries as described herein.

## IV.    CAUSES OF ACTION

**PLAINTIFF'S CAUSES OF ACTION AGAINST DEFENDANT MANINDER SINGH**
**A. NEGLIGENCE/NEGLIGENCE PER SE**

4.1    The occurrence made the basis of this suit, reflected in the above paragraph and the resulting injuries and damages were proximately caused by the negligent conduct of Defendant **SINGH**, who operated his vehicle in a negligent, carless, and reckless manner as described above because he violated the duty which he owed to Plaintiff to exercise ordinary care in the operation of his motor vehicle.

4.2    Defendant **SINGH** had a duty to exercise the degree of care that a reasonable careful driver would use to avoid hard to others under circumstances similar to those described herein.

4.3    The negligent, careless, and reckless disregard of duty of the Defendant **SINGH** consisted of, but is not limited to, the following acts, omissions, and violations of Texas State law:

   A.   Failing to control the speed of his vehicle as necessary to avoid colliding with another person or vehicle that is on the highway in violation of the TEXAS TRANSPORTATION CODE, SECTION §545.351(B)(2);

**B.** Failing to maintain a clear and reasonable distance between Defendant's vehicle and the other vehicles which would permit him to bring it to a safe stop without colliding into the other vehicles in violation of TEXAS TRANSPORTATION CODE, SECTION §545.062(A);

**C.** Failing to abide by the above-listed laws of the STATE OF TEXAS which constitutes negligence per se;

**D.** Failing to apply the brakes of the vehicle in a timely and prudent manner to avoid the collisions;

**E.** Failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

**F.** Failing to turn the vehicle to the right or left in a timely and prudent manner in an effort to avoid the collision in question;

**G.** Failing to blow the horn to warn of imminent collision;

**H.** Failing to take proper evasive action to avoid the collisions;

**I.** Failing to warn others that he would be operating a vehicle recklessly on that day in question;

**J.** Failing to drive in a reasonable and prudent manner;

**K.** Failing to obtain or have the necessary knowledge, training and experience to safely operate his vehicle;

**L.** Failing to maintain control of his vehicle;

**M.** Failing to exercise the degree of care as would have been exercised by a driver of ordinary prudence under the same or similar circumstances;

**N.** Failing to regard the safety and welfare of other drivers and pedestrians.

**4.4** Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se, and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered; and which Plaintiff will continue to suffer in the future, likely for the remainder of his natural life.

**4.5**     The negligence of Defendant SINGH, by violating the above-listed statutes in the TEXAS TRANSPORTATION CODE, constitutes negligence as a matter of law.

**4.6**     Defendant SINGH'S conduct described herein constitutes an unexcused breach of duty imposed by the traffic laws and regulations of the United States, the State of Texas.

**4.7**     Plaintiff was a member of the class of drivers and passengers using roads and highways of Texas that these laws and regulations were designed to protect.

**4.8**     Defendant SINGH'S unexcused breach of duty imposed by these laws and regulations proximately caused Plaintiff's injuries described herein.

**4.9**     The negligent, reckless and careless disregard of duty of the Defendant consisted of, but is not limited to, the following violations of Texas state law, acts and omissions:

**A**. Driving recklessly in disregard for the safety of persons or property in violation of the TEXAS TRANSPORTATION CODE, SECTION 545.401(A), pursuant to negligence per se which mandates that:

*§545.401 (A) RECKLESS DRIVING*

**(a)** A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.

**B.** GROSS NEGLIGENCE/EXEMPLARY DAMAGES

**4.10**     Defendant SINGH had a duty to exercise the degree of care that a reasonably careful driver would use to avoid harm to others under circumstances similar to those described herein.

4.11   As set out above, Defendant's actions constitute not only negligence but gross negligence. Defendant acts or omissions, including but not limited to driving recklessly and fleeing the scene of the incident, when viewed objectively from the actor's standpoint, at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

4.12   Defendant had actual, subjective awareness of the risks involved and nevertheless proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated. As a result, each of the Defendant's acts and omissions constitute gross negligence and Plaintiff is entitled to the recovery of exemplary damages,

4.13   Plaintiff seeks exemplary damages pursuant to SECTION 41.003(A)(3), TEXAS CIVIL PRACTICE & REMEDIES CODE, to recover punitive and exemplary damages against Defendant SINGH, based on the Defendant's knowledge of the extreme degree of risk involved to Plaintiff, and conscious indifference to the rights, safety, and welfare of others.

## CAUSES OF ACTION AGAINST CHAHAL ONTIME, INC.

### C.   *RESPONDEAT SUPERIOR*/VICARIOUS LIABILITY

4.14   At the time of the occurrence of the act in question and immediately prior thereto, SINGH was within the course and scope of employment for Defendant CHAHAL ONTIME, INC.

4.15   At the time of the occurrence of the act in question and immediately prior thereto, SINGH was engaged in the furtherance of the business of Defendant CHAHAL

ONTIME, INC.

**4.16**   At the time of the occurrence of the act in question and immediately prior thereto, SINGH was engaged in accomplishing a task for which SINGH was employed.

**4.17**   At the time of the occurrence of the act in question and immediately prior thereto, SINGH was subject to the direction and control of CHAHAL ONTIME, INC.

**4.18**   Plaintiff invokes the doctrine of Respondeat Superior as against Defendant CHAHAL ONTIME, INC. Defendant, CHAHAL ONTIME, INC. is liable for the negligent acts and omissions of their employee/agent/borrowed employee/contractor under the doctrine of vicarious liability, or *respondeat superior or, including joint enterprise.*

**D.**   **NEGLIGENT ENTRUSTMENT**

**4.19**   Defendant CHAHAL ONTIME, INC. was the owner of the vehicle operated by SINGH.

**4.20**   Defendant CHAHAL ONTIME, INC. entrusted the vehicle to SINGH, a reckless and incompetent driver.

**4.21**   Defendant CHAHAL ONTIME, INC. knew, or through the exercise of reasonable care should have known, that SINGH was a reckless and incompetent driver.

**4.22**   As described herein, SINGH was negligent on the occasion in question.

**4.23**   SINGH's negligence was the proximate cause of Plaintiff' damages.

**E.**   ***NEGLIGENT HIRING/NEGLIGENT ENTRUSTMENT/NEGLIGENT QUALIFICATIONS/ NEGLIGENT VEHICLE MONITORING/NEGLIGENT RETENTION/NEGLIGENT MANAGEMENT/NEGLIGENT CONTRACTING/NEGLIGENT MAINTENANCE/ NEGLIGENT SUPERVISION***

**4.24**   *Additionally,* Defendants, CHAHAL ONTIME, INC. is also negligent in one or more of the following respects:

a.    negligent hiring;

b.    negligent entrustment;

c.    negligent qualifications;

d.    negligent vehicle monitoring;

e.    negligent retention;

f.    negligent management;

g.    negligent contracting;

h.    negligent maintenance;

i.    negligent supervision; and

j.    such additional acts of negligence, which will be established as the case progresses.

## F.    JOINT ENTERPRISE/SINGLE BUSINESS ENTERPRISE

**4.25**  Plaintiff adopts and incorporates by reference herein as if copied herein in extenso, the allegations contained in the paragraphs above, the same as if set forth herein.

**4.26**  Plaintiff alleges that Defendant **CHAHAL ONTIME, INC.,** with **SINGH,** were engaged in a joint enterprise, such that these Defendants had an agreement for a common purpose to be carried out by the Defendants, which shared a common pecuniary interest in that common purpose with each Defendant sharing an equal right to direct and control the enterprise.

**4.27**  **CHAHAL ONLINE, INC.** supplied the tractor to **SINGH.**  In turn, **CHAHAL ONTIME, INC.,** with **SINGH,** were engaged in a joint enterprise, such that these

Defendant had an agreement for a common purpose to be carried out by the Defendants, which shared a common pecuniary interest in that common purpose with each Defendant sharing a right to direct and control the enterprise.

**4.28**  SINGH would agree to drive CHAHAL ONTIME, INC.'S tractor, for the use and benefit of CHAHAL ONTIME, INC.

**4.29**  Therefore, under Texas law, each Defendant is individually liable for the acts and omissions of each other Defendant in carrying out the enterprise.

**G.**    **GROSS NEGLIGENCE/EXEMPLARY DAMAGES**

**4.30**  As set out above, Defendant CHAHAL ONTIME, INC.'S actions constitute not only negligence, but also gross negligence. Defendant CHAHAL ONTIME, INC.'S negligent and malicious conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant CHAHAL ONTIME, INC.'S acts and omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

**4.31**  Defendant CHAHAL ONTIME, INC. had actual, subjective awareness of the risk involved but, nevertheless, proceeded with malice and in conscious indifference to the rights, safety, or welfare of Plaintiff, or others similarly situated.  As a result, each of Defendant CHAHAL ONTIME, INC. acts and omissions constitute malice and gross negligence and Plaintiff is entitled to the recovery of exemplary damages.

**4.32**  Plaintiff seeks exemplary damages pursuant to Section 41.003(a)(3), TEXAS CIVIL PRACTICE & REMEDIES CODE, to recover punitive and exemplary damages

against Defendant **CHAHAL ONTIME, INC.**, based on the Defendant **CHAHAL ONTIME, INC.'S** knowledge of the extreme degree of risk involved to Plaintiff, and conscious indifference to the rights, safety, and welfare of others.

**4.33**   By reason of all the above, Plaintiff **MORALES** suffered losses and damages in a sum within the jurisdictional limits of this Court, and for which Plaintiff now sues.

## V.   DAMAGES

**5.1**   As a direct and proximate result of the acts and omissions in question, Plaintiff **MORALES** was severely injured. Plaintiff has suffered loss of economic and noneconomic damages associated with his injuries. Plaintiff has suffered damages as set forth below.

**5.2**   As a direct and proximate result of collision and the negligent conduct of the Defendants, Plaintiff has suffered severe bodily injuries. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being.

**5.3**   Some of the effects are permanent and will abide with Plaintiff for a long time into the future, if not his entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life.

**5.4**   As a further result of the nature and consequences of his injuries, Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable

probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

5.5    As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of herein. The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

5.6    As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for her medical care and attention.

5.7    As a consequence of the injuries sustained by the Plaintiff, he has sustained physical impairment and disfigurement. In all reasonable probability, this disability will cause him to suffer long into the future, if not for the balance of his natural life, all due to the damages in an amount that is within the jurisdictional limits of this Court for which he now sues.

5.8    Plaintiff's harm resulted from the collision and grossly negligent conduct of Defendants. Specifically, Defendants committed gross negligence in hiring, failing to supervise and/or retaining Defendant SINGH, which entitles Plaintiff to exemplary damages under TEXAS CIVIL PRACTICES & REMEDIES CODE §41.003(a).

5.9    Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendants.

**5.10**    The vehicle driven by **MR. MORALES** at the time of the wreck was a well-maintained vehicle. The value of the vehicle has diminished drastically by the damage caused due to the referenced collision. As a result, **MR. MORALES** is unable to sell the vehicle for the same price he could have prior to this wreck.

**5.11**    Further, **MR. MORALES** has incurred additional costs due to the damage of his truck in the above referenced wreck. He has suffered both economic and non-economic inconvenience due to the damage to his vehicle by 1) Not having the ability of driving his own vehicle, and 2) Being compelled to incur additional and unnecessary commuting costs.

**5.12**    Still further, **MR. MORALES** was forced to incur the towing charges and storage fees of his damaged vehicle as a result of this wreck.

**5.13**    Each and every above-referenced damage suffered is the result of Defendants' negligence in causing this wreck.

**5.14**    By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now files suit.

**5.15**    Plaintiff bring this suit for Plaintiff's damages including, but not limited to:

1. Reasonable and necessary medical care and expenses in the past;

2. Reasonable and necessary medical care and expenses which will in all reasonable probability, be incurred in the future;

3. Physical pain and suffering in the past;

4. Physical pain and suffering in the future;

5. Physical disfigurement in the past;

6. Physical disfigurement, which in all reasonable probability, will be suffered in the future;

7. Physical impairment in the past;

8. Physical impairment which, in all reasonable probability, will be suffered in the future;

9. Loss of earning capacity in the past;

10. Loss of earning capacity in the future;

11. Mental anguish in the past;

12. Mental anguish in the future;

13. Property damage, diminution in value, and loss of use; and

14. Exemplary and/or punitive damages.

## VI. STATUTORY EXEMPLARY DAMAGES

**6.1**     Plaintiff sues pursuant to Section 41.003(a)(2), TEXAS CIVIL PRACTICE AND REMEDIES CODE, to recover punitive and exemplary damages against Defendants based on the Defendants' knowledge of the extreme degree of risk involved to Plaintiff, and in conscious indifference to the rights, safety and welfare of others.

## VII. CONDITIONS PRECEDENT

**7.1**     Pursuant to the TEXAS RULES OF CIVIL PROCEDURE, R. 54, Plaintiff states that all conditions precedent to suit have been performed or have occurred, and that every notice required by law to be given has been properly and timely provided.

## VIII.  REQUEST FOR JURY TRIAL

**8.1**    Plaintiff demands that this case be decided by a jury as allowed by TEX. R. CIV.

P. 215. Plaintiff acknowledges payment of the required jury fee.

## IX. INTEREST

**9.1**    Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.


## X. NOTICE OF AUTHENTICATION OF DOCUMENTS PURSUANT TO TRCP 193.7

**10.1**    Plaintiff hereby provides actual notice to Defendants that Plaintiff will use any or every document produced by each and every Defendants in response to written discovery, in a pretrial proceeding, or at trial. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, any Defendants' production of a document in response to written discovery authenticates the document for use against that Defendant or any other Defendant, unless- within ten (10) days or a longer or shorter time ordered by the court- Defendants object to the authenticity of the document, or any part of it, stating the specific basis for its objection. An objection must be either on the record or in writing and must have a good faith factual and legal basis. An objection made to the authenticity of only part of a document does not affect the authenticity of the remainder.

## XI. PRESERVATION OF EVIDENCE/SPOLIATION NOTICE

**11.1** Plaintiff hereby requests and demands that Defendants preserve and maintains all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including contracts, lists of donors, emails, minutes of meetings, memoranda, correspondence, financial records, diagrams, maps, photographs, videotapes, audiotapes, recordings, invoices, checks,

files, facsimiles, voicemails, text messages, calendar entries, log books, or information related to the reference claim. Failure to maintain such items shall constitute a "spoliation" of the evidence.

<u>PRAYER</u>

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein and that upon final hearing of the cause, judgment be entered for the Plaintiff against the Defendants, for actual damages in an amount in excess of the minimum jurisdictional limits of the court, exemplary damages, interest, attorney fees and taxable costs of court.

RESPECTFULLY SUBMITTED,

**DESOUZA INJURY LAWYERS**
4047 NACO PERRIN
SAN ANTONIO, TEXAS 78217
210/ 714-4215 – PHONE
210/496-0060 – FACSIMILE

**BY: */S/ Jason F. DeSouza*
JASON F. DESOUZA
STATE BAR NO.: 24073255
jason@jfdlawfirm.com

**BY: */S/ Doyle Weaver*
DOYLE WEAVER
STATE BAR NO.: 240000869
doyle@jfdlawfirm.com

***ATTORNEYS FOR PLAINTIFF***