**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | |
|---|---|
| **FERNANDO JOSE RAMIREZ MORALES,** §<br>*Plaintiff,* §<br>§<br>v. §<br>§<br>**MANIDER SINGH, CHAHAL ONTIME,** §<br>**INC.,** §<br>*Defendants.* § | PE: 23-CV-00043-DC-DF |

## ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE SERVICE OF PROCESS

BEFORE THE COURT is Plaintiff Fernando Jose Ramirez Morales' ("Morales") Motion to Substitute Service of Process on Defendant Chahal Ontime, Inc. ("Chahal Ontime"). (Doc. 6).[1] This case is before the undersigned U.S. Magistrate Judge through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to the United States Magistrate Judges. After considering the motion, the affidavit, and the relevant case law, the Court **GRANTS** Morales' Motion to Substitute Service on Chahal Ontime. (Doc. 6).

### I. BACKGROUND

This litigation arises from a vehicle collision that occurred on September 6, 2023 in Monahans, Texas. (Doc. 1 at 2). On November 3, 2023, Morales filed a complaint in this Court against Defendants Manider Singh ("Defendant Singh") and Chahal Ontime, asserting federal diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1 at 2). Defendant Singh was served on November 18, 2023. (Doc. 5). Despite multiple attempts, Morales has been unable to serve Chahal Ontime. (Doc. 6 at 1). As a result, Morales filed this Motion for Substitute Service of Process. (Doc. 6).

---

1. All citations are to CM/ECF generated pagination, unless otherwise noted.

1

Attached to Morales' Motion for Substitute Service of Process is an affidavit from private process server, Raquel Enriquez Perez ("Perez"). (Doc. 6-1). Perez attempted to serve process on Chahal Ontime's registered agent, Jagmeet Singh, on four different occasions at the registered agent's residence of 4799 Graphite Creek Road, Jurupa Valley, California 91752. (Docs. 1 at 1–2; 6 at 1). Perez first attempted to serve Chahal Ontime on November 21, 2023. (Doc. 1-6 at 1). During this first attempt, Perez observed a plaque on the residence that read "Chahal Niwas" and a license plate that read "Chahal." (Doc. 6-1 at 1).[2] Perez then made two more attempts on November 25, 2023, and November 29, 2023, to no avail. *Id.* at 1–2. On November 30, 2023, Perez made her fourth attempt, and the spouse of Chahal Ontime's owner opened the door. (Docs. 6 at 1–2; 6-1 at 2). Perez confirmed in her affidavit that the owner of Chahal Ontime resides at 4799 Graphite Creek Road, Jurupa Valley, California 91752. *Id.* at 1. According to Morales, there is no doubt Chahal Ontime knows of this case. (Doc. 6 at 2).

Morales requests that the Court permit substitute service by leaving a true copy of the Summons and Complaint with Chahal Ontime's registered agent, anyone over the age of 16 at 4799 Graphite Creek Road, Jurupa Valley, California 91752, or by taping a true copy of the Summons and Complain on the door at the registered agent's residence. (Doc. 6 at 2).[3]

## II. Discussion

"Since Defendant [Chahal Ontime] is a corporation, it may be served 'in the manner prescribed by [Federal] Rule [of Civil Procedure] 4(e)(1) for serving an individual." *Adams v. Brinkerhoff Inspection, Inc.*, No. SA-17-CV-103, 2017 WL 2275043, at *2 (W.D. Tex. May 24, 2017) (quoting Fed. R. Civ. P. 4(h)(1)(A)). Rule 4(e)(1) permits service by "following state law

---

2. The license plate specifically read "CH4H4L." (Doc. 1-6 at 4–5).
3. Morales' Motion for Substitute Service of Process lists the registered agent's address as 4799 Graphite Creed Road. The affidavit lists the registered agent's address as 4799 Graphite Creek Road. The Court assumes, based on Morales' Complaint, that 4799 Graphite Creed Road is a typographical error, and the correct address is 4799 Graphite Creek Road.

for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." As this Court sits in Texas, Morales may accomplish service under the Texas Rules of Civil Procedure.

Texas Rule of Civil Procedure 106(a) provides that a party must either be personally served or served by certified mail. TEX. R. CIV. P. 106(a). Thus, to the extent Morales requests leave to serve Chahal Ontime by leaving a copy of the Summons and Complaint with Chahal Ontime's registered agent, the Court's permission is not necessary. Under Texas law, Morales may serve Chahal Ontime personally through its registered agent. *See* TEX. BUS. ORGS. CODE §5.255.

That said, Rule 106(b) permits substitute service:

> Upon motion supported by affidavit stating the location of the defendant's . . . usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in the affidavit but has not been successful, the court may authorize service:
>
>> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
>>
>> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106(b). Federal courts have also determined that affixing a copy of the complaint and summons to the front door of a defendant's residence is an appropriate form of substitute service under Rule 106. *Baron v. Baron*, No. 16-CV-3465, 2017 WL 7512935, at *2 (N.D. Tex. May 12, 2017) (authorizing service by affixing materials to the front door of the residence); *Heras v. Rapid Tax, Inc.*, No. 13-CV-498, 2014 WL 2481629, at *3 (W.D. Tex. June 3, 2014) (same); *Textron Fin. Corp. v. Anchor Marine & Tackle, Inc.*, No. SA-09-CV-885, 2010 WL

428968 at *2 (W.D. Tex. Jan. 28, 2010) (authorizing service by affixing materials to the front gate and by mailing copies by first class mail).

When a court orders substitute service, the court's order is the only authority for substitute service. *See Becker v. Russell*, 765 S.W.2d 899, 900 (Tex. App.—Austin 1989, no writ) (citing *Broussard v. Davila*, 352 S.W.2d 753, 754 (Tex. Civ. App.—San Antonio 1961, no writ)). Consequently, the process server must strictly comply with the court's order. *See Vespa v. Nat'l Health Ins. Co.*, 98 S.W.3d 749, 752 (Tex. App.—Fort Worth 2003, no pet.).

Here, Morales has shown by affidavit that multiple attempts to personally serve Chahal Ontime through its registered agent have been unsuccessful. (*See* Doc. 6-1). Given that Morales has diligently tried to satisfy Rule 106(a), but to no avail, the Court finds substitute service appropriate. *See Heras*, 2014 WL 2481629, at *3. Accordingly, Morales may serve Chahal Ontime either by leaving Summons with a copy of the Complaint and this Order with anyone over the age of 16 at its registered agent's residence, located at 4799 Graphite Creek Road, Jurupa Valley, California 91752, or by affixing the Summons with a copy of the Complaint and this Order on the front door of the registered agent's residence, located at 4799 Graphite Creek Road, Jurupa Valley, California 91752.

### III. Conclusion

Based on the foregoing discussion, the Court **GRANTS** Morales' Motion for Substitute Service on Defendant Chahal Ontime. (Doc. 6).

It is so **ORDERED**.

SIGNED this 19th day of January, 2024.

_____
DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

Case 4:23-cv-00043-DC-DF   Document 7   Filed 01/19/24   Page 5 of 5