IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| **FERNANDO JOSE RAMIREZ MORALES** §<br>  *Plaintiff* § §<br> § CIVIL ACTION NO. 4:23-cv-00043<br>**v.** § §<br> § JURY TRIAL REQUESTED<br> §<br>**MANIDER SINGH AND CHAHAL ONTIME, INC.** § §<br>  *Defendant* | |

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANTS**

TO THE HONORABLE JUDGE OF SAID COURT:

## I.   BACKGROUND

In this gross negligence and reckless driving case, Defendant Manider Singh was driving westbound on Interstate 20 near mile marker 63 in Ward County, Texas, in a 2021 Freightliner tractor that was pulling a 2022 Hyundai trailer, all of which was owned by Defendant Chahal Ontime, Inc. Defendant Singh fell asleep while he was driving the massive tractor-trailer on Interstate 20. This caused the semi-truck to smash into the rear of Plaintiff Fernando Ramirez-Morales's Ford F350 that was pulling a gooseneck trailer loaded with 11 air conditioning units. Plaintiff's property was destroyed in the crash and Plaintiff suffered significant injuries. (Doc. 1). Plaintiff knows Singh fell asleep because Singh admitted falling asleep at the scene. Despite having both been served in accordance with the Federal Rules of Civil Procedure, neither Defendant Singh nor Chahal Ontime has filed an answer.

Plaintiff, therefore, moves this court for entry of default against both Defendants.

## II.  FACTUAL BACKGROUND OF THE LAWSUIT

### A.  Plaintiff's complaint.

On November 3, 2023, Plaintiff filed a complaint in this court naming Singh and Chahal Ontime as Defendants, and asserting claims for negligence/negligence per se, reckless driving, gross negligence against Singh, and causes of action for vicarious liability/respondeat superior, negligent entrustment, negligent hiring/training/supervision/retention, joint enterprise/single business enterprise, and gross negligence against Chahal Ontime.  (Doc. 1).  This court has diversity of citizenship jurisdiction because Plaintiff is a resident of Texas, Singh is a resident of New York, Chahal Ontime is a California corporation, and the amount in controversy exceeds $75,000.  (*Id.*).

### B.  Singh has not filed an answer.

On November 18, 2023, Defendant Singh was personally served with a copy of a summons and the complaint in this action in Queens County, New York.  (Doc. 5). Since then, this court has ordered Singh to show cause why he has not filed an answer.  (Doc. 8, 11).  Singh did not respond to the court's orders to show cause.

### C.  Chahal Ontime has not filed an answer.

At the same time, Plaintiff made numerous attempts complete personal service on Defendant Chahal Ontime, but Chahal Ontime was actively evading service.  (See Plaintiff's Motion for Order to Substitute Service of Process, at Doc. 6.)  On January 19, 2024, this Court granted Plaintiff's Motion to Substitute Service of Process and

authorized Plaintiff to serve Chahal Ontime "either by leaving Summons with a copy of the Complaint and this Order with anyone over the age of 16 at its registered agent's residence, located at 4799 Graphite Creek Road, Jurupa Valley, California 91752, or by affixing the Summons with a copy of the Complaint and this Order on the front door of the registered agent's residence, located at 4799 Graphite Creek Road, Jurupa Valley, California 91752." (Doc. 7, at 4).

On February 3, 2024, in strict compliance with the Court's order for substitute service, Plaintiff's process server posted the summons, complaint, show cause order, and substitute service order on the door of the registered agent's residence at 4799 Graphite Creek Road, Jurupa Valley, California 91752. (Doc. 17).

On March 4, 2023, the court directed an order to show cause as to Chahal Ontime why Chahal Ontime has not filed an answer. (Doc. 18). Defendant Chahal Ontime did not respond to the order to show cause. At this point both Defendants have been properly served, yet neither Defendant has filed an answer or any responsive pleading.

D.   **The court ordered Plaintiff to show cause.**

On May 2, 2024, the court ordered Plaintiff to show cause why Plaintiff's case should not be dismissed for not seeking entry of default or otherwise prosecuting the action. As stated in the affidavit of Plaintiff's counsel, Plaintiff's recently attempted to notify Defendant's insurer of the litigation in the hopes that counsel will be appointed for Defendants, thereby allowing the litigation to proceed on its merits. (See Ex. 1, 2). Plaintiff, now, files this motion for entry of default against both

Defendants. (Doc. 18, at 3) ("A motion for entry of default will also satisfy this Order").

### III.   ARGUMENT

Fed. R. Civ. P. 55(a) provides "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Here, as shown by the foregoing and by Plaintiff's counsel's declaration **(Exhibit A)**, Defendant Singh and Chahal Ontime have both been served in accordance with the law and this Court's rules and orders. Despite this, neither Singh nor Chahal Ontime have filed an answer, and, thus, they have failed to plead or otherwise defend this action.

Plaintiff, therefore, respectfully requests the Clerk of the Court enter a default against Defendant Singh and against Defendant Chahal Ontime.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court enter default against both Defendants.

**RESPECTFULLY SUBMITTED,**

**DESOUZA INJURY LAWYERS**

**BY:** */S/ Jason F. DeSouza*
   JASON F. DESOUZA
   STATE BAR NO.: 24073255
   jason@jfdlawfirm.com

***ATTORNEYS FOR PLAINTIFF***
