IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| **FERNANDO JOSE RAMIREZ MORALES** § § § *Plaintiff* § § **v.** § § § **MANIDER SINGH AND CHAHAL** § **ONTIME, INC.** § *Defendant* § | CIVIL ACTION NO. 4:23-cv-00043 JURY TRIAL REQUESTED |

**PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS MANIDER SINGH AND CHAHAL ONTIME, INC.**

TO THE HONORABLE JUDGE OF SAID COURT:

On July 12, 2024, the Court issued an Order to Move for Default Judgment (Doc. 16), In response to the Court's order, Plaintiff states the following:

## I.   BACKGROUND

This negligence and reckless driving case occurred on September 6, 2023. Defendant Manider Singh was driving westbound on Interstate 20 near mile marker 63 in Ward County, Texas, in a 2021 Freightliner tractor that was pulling a 2022 Hyundai trailer, all of which was owned by Defendant Chahal Ontime, Inc. Singh was driving in the course and scope of his employment with Chala Ontime. (*See* Comp., at Docket 1.) Defendant Singh was not paying attention and smashed the massive semi-truck into the rear of Plaintiff Fernando Ramirez-Morales's Ford F350 that was pulling a trailer loaded with several air conditioning units.  (*See* Plaintiff's

1

Complaint, at Docket 1; *see also* Certified Police Report, attached as Ex. 1). The magnitude of the collision is shown in these photographs from the scene of the crash:



Photograph of Plaintiff's truck following the collision, attached as Ex. 2.



Photograph of the semi-truck that Singh was driving following the collision, attached as Ex. 3.

Plaintiff suffered significant injuries in the preventable collision. Despite

2

having both been served in accordance with the Federal Rules of Civil Procedure, neither Defendant Singh nor Chahal Ontime has filed an answer. Plaintiff, therefore, moves this court for entry of default judgment against both Defendants.

## II.   FACTUAL BACKGROUND OF THE LAWSUIT

### A.   Plaintiff's complaint and jurisdiction.

On November 3, 2023, Plaintiff filed a complaint naming Singh and Chahal Ontime as Defendants, and asserting claims for negligence/negligence per se, reckless driving, gross negligence against Singh, and causes of action for vicarious liability/respondeat superior, negligent entrustment, negligent hiring/training/supervision/retention, joint enterprise/single business enterprise, and gross negligence against Chahal Ontime. (Docket 1). This court has diversity of citizenship jurisdiction because Plaintiff is a resident of Texas, Singh is a resident of New York, Chahal Ontime is a California corporation, and the amount in controversy exceeds $75,000. (*Id.*).

### B.   Singh was personally served with process.

On November 18, 2023, Defendant Singh was personally served with a copy of a summons and the complaint in this action in Queens County, New York. (Doc. 5). Since then, this court has ordered Singh to show cause why he has not filed an answer. (Doc. 8, 11). Singh did not respond to the court's orders to show cause.

### C.   Chahal Ontime was served through substituted service.

At the same time, Plaintiff made numerous attempts complete personal service on Defendant Chahal Ontime, but Chahal Ontime was actively evading service. (See

Plaintiff's Motion for Order to Substitute Service of Process, at Doc. 6.) On January 19, 2024, this Court granted Plaintiff's Motion to Substitute Service of Process and authorized Plaintiff to serve Chahal Ontime "either by leaving Summons with a copy of the Complaint and this Order with anyone over the age of 16 at its registered agent's residence, located at 4799 Graphite Creek Road, Jurupa Valley, California 91752, or by affixing the Summons with a copy of the Complaint and this Order on the front door of the registered agent's residence, located at 4799 Graphite Creek Road, Jurupa Valley, California 91752." (Doc. 7, at 4).

On February 3, 2024, in strict compliance with the Court's order for substitute service, Plaintiff's process server posted the summons, complaint, show cause order, and substitute service order on the door of the registered agent's residence at 4799 Graphite Creek Road, Jurupa Valley, California 91752. (Doc. 17).

On March 4, 2023, the court directed an order to show cause as to Chahal Ontime why Chahal Ontime has not filed an answer. (Doc. 18). Defendant Chahal Ontime did not respond to the order to show cause. Both Defendants have been properly served, yet neither Defendant has filed an answer or any responsive pleading.

**D.     Default has been entered against Defendants.**

On May 30, 2024, the clerk of this court entered default against Singh and Chahal Ontime. (Docket 26.) On July 12, 2024, the court ordered Plaintiff to file an application for default judgment against Defendants. (Docket 27.)

## III. APPLICATION FOR DEFAULT JUDGMENT

### A. Legal standard.

Federal Rule of Civil Procedure 55(b) styled "Entering a Default Judgment" states:

> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>   (A) conduct an accounting;
>   (B) determine the amount of damages;
>   (C) establish the truth of any allegation by evidence; or
>   (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(1)-(2). "THE FOLLOWING THREE STEPS MUST BE FOLLOWED TO OBTAIN A DEFAULT JUDGMENT: (1) DEFAULT BY THE DEFENDANT; (2) ENTRY OF DEFAULT BY THE CLERK; AND (3) ENTRY OF DEFAULT JUDGMENT BY THE COURT." *Argonaut Midwest Ins. Co. v. Phil Thweatt Wrecker Serv.*, 6:22-CV-00598-ADA-JCM (W.D. Tex. Apr 12, 2023) (capitals in original) *quoting N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "To enter default judgment, courts typically determine whether default judgment is

appropriate by considering the *Lindsey v. Prive Corp.*, 161 F.3d 886 (5th Cir. 1998) factors and whether the pleadings have a sufficient basis for judgment." *Nautilus Ins. Co. v. A Best American Roofing, LLC*, EP-18-CV-320-PRM, 2019 WL 1473140, at *2 (W.D. Tex. Apr. 3, 2019) (citing *Lindsey*, 161 F.3d at 893 and *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Yeti Coolers, LLC v. Zhejiang Zhuosheng Indus. & Trade Co.*, Ltd., 1:17-CV-821-RP, 2019 WL 2568748, at *2 (W.D. Tex. June 21, 2019).

> Under *Lindsey*, the Court must consider the following:
>> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

Further, "Plaintiff's well-pleaded factual allegations are taken as true after default, and default functions as an admission of those allegations." *Jackson v. FIE Corp.*, 302 F.3d 515, 524-25 (5th Cir. 2002). "Failure to answer or otherwise defend is admission of liability but not agreement with proposed damages. An evidentiary hearing is not necessary to determine damages if damages are liquidated or mathematically calculable." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *see also Argonaut Midwest Ins. Co. v. Phil Thweatt Wrecker Serv.*, 6:22-CV-00598-ADA-JCM (W.D. Tex. Apr 12, 2023).

### B. Analysis of the *Lindsey* factors.

Defendants were properly served with process, and Defendants were ordered

6

to file an answer to Plaintiff's complaint, but Defendants have not filed an answer to Plaintiff's complaint. Consequently, Plaintiff's factual allegations as set forth in Plaintiff's complaint are taken as true and there are no material issues of fact.

There is no prejudice to Defendants because Defendants did not answer and, therefore, admitted the factual allegations in Plaintiff's complaint. Grounds for default are clearly established as Plaintiff served Defendants but Defendants did not answer. Defendants have not claimed any good faith mistake or excusable neglect. Defendants failed to respond though they had time to do so, mitigating the harshness of default judgment. While default judgment is not a favored remedy of the courts, no good cause is apparent which would oblige the Court to set aside default judgment. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). Therefore, the *Lindsey* factors weigh in favor of entry of default judgment.

### C. There is a sufficient basis for a default judgment against Defendants.

"Next, the Court must determine whether there is a sufficient basis in the pleadings for default judgment." *Argonaut Midwest Ins. Co. v. Phil Thweatt Wrecker Serv.*, 6:22-CV-00598-ADA-JCM (W.D. Tex. Apr 12, 2023). In determining whether the pleadings present a sufficient basis for Plaintiff's claim for relief, "the Fifth Circuit has looked to the Rule 8 case law for guidance[.]" *J & J Sports Productions, Inc. v. Morelia Mexican Restaurant, Inc.*, 126 F. Supp.3d 809, 815 (N.D. Tex. 2015). "Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl.*

7

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. (1957)); *see also* FED. R. CIV. P. 8(a)(2).

Under Texas law, "the elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *Ihs Cedars Treatment Ctr of Desoto v. Mason*, 143 S.W.3d 794 (Tex. 2004). "The doctrine under which courts rely on a penal statute to define a reasonably prudent person's standard of care is referred to as negligence per se." *Reeder v. Daniel*, 61 S.W.3d 359, 361–62 (Tex.2001).

As pleaded in Plaintiff's complaint, Defendant Singh crashed the semi-truck he was driving and that was owned by Defendant Chahal Ontime into the trailer that was being towed by the pickup truck Plaintiff was driving. (Comp., ¶ 3.1.) This caused a violent collision, and Singh could not have been paying attention to the road, which caused the violent rear-end collision. Thus, Singh owed Plaintiff a duty of care, Singh breached his duty, and Singh's breach caused this major rear-end collision. Additionally, Singh violated Texas Transportation Code Section 545.401(A) providing that a person commits reckless driving "if the person drives a vehicle in willful or wanton disregard for the safety of persons or property." *See* Tex. Trans. Code § 545.401(A). In other words, Singh violated his duty to Plaintiff, whether under the theory of negligence or negligence per se, Singh's breach was the cause in fact and proximate cause of Plaintiff's damages. (*See* Comp., ¶ 4.9.)

**D. Singh was grossly negligent.**

"Gross negligence requires a showing of two elements: (1) viewed objectively

8

from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed[s] in conscious indifference to the rights, safety, or welfare of others." *Boerjan v. Rodriguez*, 436 S.W.3d 307 (Tex. 2014) (per curiam).

The fact that Singh rear-ended Plaintiff's vehicle with the semi-truck Singh was driving constitutes gross negligence. As a commercial truck driver, Singh subjectively knew that failing to pay attention while driving a semi-truck on an interstate highway could lead to a rear-end collision, and Singh nonetheless failed to pay attention and caused the foreseeable, and, entirely avoidable, collision. Plaintiff, therefore, has provided a sufficient basis for a default judgment against Singh on Plaintiff's claim of gross negligence. (Comp., ¶¶ 4.10-4.13.)

### E. Chahal Ontime is vicariously liable for Singh's negligence and gross negligence.

To prove an employer's vicarious liability for a worker's negligence, the plaintiff must show that, at the time of the negligent conduct, the worker (1) was an employee and (2) was acting in the course and scope of his employment. *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 131 (Tex. 2018). Plaintiff has also alleged that Singh was operating the semi-truck while in the course and scope of Singh's employment with Defendant Chahal Ontime, that Singh was engaged in the furtherance of the business of Chahal Ontime, and that Singh was accomplishing a task for which Singh was hired. (Comp., ¶ 4.14-4.18.) Thus, there is a sufficient basis for holding Chahal Ontime vicariously liable under the theory of respondeat superior

9

for the negligent conduct of its employee, Singh. *Id.*

### F. Chahal Ontime is liable for negligent entrustment.

To establish liability under a negligent entrustment theory, must establish that: (1) Chahal Ontime entrusted the vehicle to Singh; (2) Singh was an unlicensed, incompetent, or reckless driver; (3) at the time of the entrustment, Chalal Ontime knew or should have known that Singh was an unlicensed, incompetent, or reckless driver; (4) Singh was negligent on the occasion in question; and (5) Singh's negligence proximately caused the crash. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007) (per curiam). As Plaintiff has pleaded in Plaintiff's Complaint, Defendant Chahal Ontime entrusted its vehicle to Singh, an incompetent and reckless driver. This is confirmed by the fact that Singh crashed his semi-truck into the rear of Plaintiff's truck and trailer for no reason and with no justification, while travelling behind Plaintiff on Interstate 20 in Texas. *Id.*, ¶ 4.19-4.23. Chahal Ontime, therefore, is independently liable for negligent entrustment of its semi-truck to Singh.

### G. Damages.

"The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854 (5th Cir. 1979). As detailed in Plaintiff's complaint, the collision caused Plaintiff to suffer injuries, including disc herniations in Plaintiff's cervical and lumbar spine. *Id.*, ¶ 3.2. Following the collision, Plaintiff received chiropractic treatment and physical therapy

for upwards of six months following the collision with minimal relief. (*See* Plaintiff's medical bills attached as Exs. 4-11.)

On March 12, 2024, Plaintiff received a transforaminal steroid injection in his lumbar spine. *See id.* Also on March 12, 2024, Plaintiff received a facet block in his cervical spine. *See id.* On April 23, 2024, Plaintiff received second transforaminal steroid injection in his lumbar spine. Also on April 23, 2024, Plaintiff underwent a cervical facet rhizotomy at two levels, a procedure in which the nerve is burned to help alleviate the pain. *See id.* To date, Plaintiff has incurred the following past medical special damages:

| | |
|---|---|
| ASP Cares Pharmacy (Ex. 4) | $498 |
| Baylor Diagnostic Imaging Center (Ex. 5) | $886 |
| Colony Emergency Room (Ex. 6) | $5,041.21 |
| Integrity Anesthesia (Ex. 7) | $4,800 |
| MRI Centers of Texas – Uptown Radiology (Ex. 8) | $1,190 |
| Quantum Pain and Spine (Ex. 9) | $2085 |
| National Interventional Pain Associates of America (Ex. 10) | $104,600 |
| The Win Spine Clinic (Ex. 11) | $9,590 |
| **Total:** | **$128,690.21** |

*See id.*

On June 18, 2024, Dr. Nitin Kukkar recommended Plaintiff undergo an anterior cervical decompression fusion (ACDF) at levels C5-C6 in his neck. This, at an estimated cost of $71,211.86 for Dr. Kukkar's professional fee and $166,025 for the surgical center fee, a total of $237,236.86. *See* Declaration of Nitin Kukkar, and

Surgical Cost Estimates, attached as Ex. 12.  As detailed in the attached declaration of Dr. Kukkar, Dr. Kukkar is of the opinion that Plaintiff has undergone conservative, non-surgical treatments for the pain in Plaintiff's neck, but the pain persists.  As Dr. Kukkar also explains, the MRI of Plaintiff's cervical spine reveals a 3.0mm disc protrusion (herniation) at C5-6, the same level at which Dr. Kukkar recommends be fused, that the pathology was more likely than not caused by the major collision, and that the surgery is necessary to address Plaintiff's pain.  (*See id.*; *see also* Comp., ¶ 3.2.)  Dr. Kukkar also explains in his declaration that the cost of his professional fee, and the surgical center fees, are usual and customary for San Antonio, Texas.  (*See id.*)  In other words, Plaintiff has incurred a total of $361,903 in past and future medical special damages that are related to the collision.

Texas Civil Practice and Remedies Code section 41.001 defines economic damages as "compensatory damages intended to compensate a claimant for actual economic or pecuniary loss."  Plaintiff is self-employed and works by driving his pickup truck and trailer delivering freight, like the air conditioners that were damaged in this collision.  From January 2023 through August 2023, Plaintiff had transported 85 loads for net income of $75,460, or an average of $9,432.00 per month.  As a result of Defendants' negligence, Plaintiff was unable to drive from September 7, 2023, through February 14, 2024, or approximately 5 1/2 months.  Thus, Plaintiff lost out on approximately 5 1/2 months of driving at an average of $9,432 per month, a total of $51,878 in lost past wages.  Copies of Plaintiff's 2023 annual driving report is attached hereto as Ex. 13, along with the reports from February 2024 showing that

he started accepting driving jobs in mid-February 2024.

### H. Plaintiff's damages for pain and suffering.

In addition, Plaintiff is entitled to recover damages for his pain and suffering. As Plaintiff pleaded in his Complaint, "[t]ypical of the foregoing described injuries Plaintiff has incurred reasonable and necessary medical expenses, physical pain, mental anguish, disability, impairment, and property-related damages which resulted from SINGH's failure to drive his vehicle on the public roads without striking and causing damage to other vehicles. Plaintiff's damages are continuing into the future." As this court explained in *Haygood v. A Child Is Born RTC*, "Haygood seeks a total of $300,000.00 in damages on her own behalf for pain she suffered as a result of hearing about the sexual assault of J.A. from ACIB and worries over J.A.'s future in light of his traumatic experience at ACIB. Haygood's testimony clearly established her pain and suffering are legitimate injuries." *Haygood v. A Child Is Born RTC*, Case No. A-12-CA-922-SS (W.D. Tex. Apr 09, 2014). In fact, "[w]hile the Court doubt[ed] whether any defaulting defendant owed any legal duty to Haygood, as J.A.'s non-custodial parent who placed him in the custody of Child Protective Services (which apparently remains J.A.'s managing conservator), their default establishes liability." *Id.*; *see also U.S. For Use of M-CO Const., Inc. v. Shipco General, Inc.*, 814 F.2d 1011 (5th Cir. 1987) ("A default judgment is a judgment on the merits that conclusively establishes the defendant's liability"). While the court also recognized that "[a]ny particular damages number here is inherently subjective, and the type of judgment call our adversarial system commonly entrusts to the jury. In the context

of a default judgment, however, the Court is required to choose a figure. The Court finds the requested amount of $300,000.00 is supported by the evidence, and will therefore award the requested amount." *Haygood v. A Child Is Born RTC*, Case No. A-12-CA-922-SS (W.D. Tex. Apr 09, 2014). The same reasoning is applicable here.

In light of the pain and suffering Plaintiff has endured as a result of the collision, including receiving multiple injections in Plaintiff's neck and back, cervical rhizotomies, Plaintiff requests $300,000 in past pain and suffering. Based on the pain and discomfort Plaintiff will endure as a result of undergoing a neck fusion surgery in the future, Plaintiff requests $300,000 in damages for Plaintiff's future pain and suffering, as Plaintiff will testify at the hearing on Plaintiff's application for default judgment and as explained in Dr. Kukkar's declaration.

## IV.  **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the court enter judgment by default against Defendants Singh and Chahal Ontime, Inc., after a hearing on Plaintiff's damages, for the following amounts:

| | |
|---|---|
| Past medical special damages: | $128,690.21 |
| Future medical treatment: | $237,236.86 |
| Past pain and suffering: | $300,000.00 |
| Future pain and suffering: | $300,000.00 |
| Past loss of wages: | $51,878.00 |
| **Total:** | **$1,017,805.07** |

This, based on Defendants' failure to answer or otherwise respond to Plaintiffs' complaint despite having been properly served with process.

>**RESPECTFULLY SUBMITTED,**
>
>**DESOUZA INJURY LAWYERS**
>
>**BY:** */S/ Craig A. Henderson*
>CRAIG A. HENDERSON
>STATE BAR NO.: 24093851
>craig@jfdlawfirm.com
>
>***ATTORNEYS FOR PLAINTIFF***