# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# PECOS DIVISION

| | | |
|---|---|---|
| **FERNANDO JOSE RAMIREZ MORALES,**<br>*Plaintiff,* | §<br>§<br>§<br>§ | |
| v. | §<br>§ | P:23-CV-00043-DC |
| **MANIDER SINGH, and CHAHAL ONTIME, INC.,**<br>*Defendants.* | §<br>§<br>§<br>§ | |

## ORDER

The Court now considers the report and recommendation of United States Magistrate Judge David Fannin[1] concerning Plaintiff Fernando Jose Ramirez Morales' motion for declaratory judgment.[2] In his report and recommendation, Judge Fannin recommends that the Court grant in part and deny in part. Plaintiff Morales timely filed objections to the report and recommendation.[3]

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court.[4] Because Morales timely objected to a portion of the report and recommendation, the Court reviews that portion of the report and recommendation *de novo*. Having done so, the Court overrules Morales' objections and adopts the report and recommendation as its own order.

---

[1] ECF No. 40
[2] ECF No. 16.
[3] ECF No. 42.
[4] 28 U.S.C. § 636(b)(1)(C).

From a technical standpoint, Morales does not object to Judge Fannin's order in any part. He instead offers new evidence, in the form of an affidavit, to support a damages award for past medical expenses in the amount of $128,690.21.[5] While a district court may at its discretion view new evidence raised for the first time in an objection to a magistrate judge's report and recommendation,[6] it would appear that Morales misread Judge Fannin's views on Section 18.001 of the Texas Civil Practice and Remedies Code.[7] In his report and recommendation, Judge Fannin touched on—but did not weigh in on—Section 18.001 affidavits and their applicability in federal court, stating the following in a footnote

> This Court has held that Section 18.001 does not apply in federal court and only expert testimony will satisfy a plaintiff's burden. *See Ruelas v. W. Truck & Trailer Maint. In*c., No. 18-CV-2, 2019 WL 13150020, at *4 (W.D. Tex. June 6, 2019); *see also Cavazos* [*v. A & T Bros. et al*, No. 23-CV-110,] 2024 WL 3891402, at *11 [(S.D. Tex. July 12, 2024)]. Since Plaintiff did not provide an affidavit satisfying Section 18.001, the Court does not reach the issue of applicability.[8]

This Court agrees with Judge Fannin's assessment of the state of Section 18.001 case law. Section 18.001 is a purely procedural function of Texas law and "directly conflicts with the Federal Rules of Evidence 801 and 802, which prevents the application of § 180.001 in federal court."[9] Accordingly, the Court **ORDERS** that the report and recommendation of

---

[5] *See generally* ECF No. 42.
[6] *See Freeman v. Cnty. of Bexar*, 142 F.3d 848, 853 (5th Cir. 1998).
[7] *See id.* at 5; ECF No. 40 at 20.
[8] ECF No. 40 at 20 n.9.
[9] *Rivera v. Autotransportes Fronterizos, M.G., S.A. De C.V.*, No. 7:21-CV-00428, 2022 WL 3069290, at *3 (S.D. Tex. Aug. 3, 2022); *Ruelas*, 2019 WL 13150020, at *4 (W.D. Tex. Sept. 6, 2019) (offering an overview of Section 18.001 case law).

United States Magistrate Judge David Fannin[10] is **ADOPTED**. Morales' motion is **GRANTED IN PART** and **DENIED IN PART**.[11]

Plaintiff's motion is **GRANTED** as it relates to:

- Plaintiff's negligence and gross negligence claims against Defendant Singh;

- Plaintiff's vicarious liability, negligent entrustment, and gross negligence claims against Defendant Chahal Ontime.

Plaintiff's motion is **DENIED** as it relates to:

- Plaintiff's negligence per se claim against Defendant Singh; and

- Plaintiff's claims for negligent hiring, negligent qualifications, negligent vehicle monitoring, negligent retention, negligent management, negligent contracting, negligent maintenance, and negligent supervision against Defendant Chahal Ontime.

It is so **ORDERED**.

SIGNED this 14th day of January, 2025.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[10] ECF No. 40.
[11] ECF No. 42.